Case: 1:25-cv-00163 Document #: 1 Filed: 01/07/25 Page 1 of 49 PageID #:1

MR

RECEIVED
MEN
1/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Edward Johnson

vs

City of Chicago
C.P.D. Officer Alonso Michael #10003
C.P.D. Officer John Doe
Maria Nelson #1581
John Doe private security officer
Thorax Hospital
Cook County
Cook County Public Defender Office
Atty Samantha French
Atty Sup Mumonda Phillps
Atty Christle Brown sup
Atty Susan Saboor sup.
Cook County Sheriff Office
Cook County Sheriff Thomas Dart
CRW Hatcher
CRW supervisor Jones
~~Krutke~~ Records Jail R Wilkes
Sgt Norwood
Sgt Bufford
Sgt Collins
Sgt Kehoe #772851
LT Guist
Lt G Mircher #822.668
C/O Gonzales

Case #

Jury Demand

**1:25-cv-00163**
**Judge Steven C. Seeger**
**Magistrate Judge Heather K. McShain**
**PC 9**
**RANDOM / Cat.3**

1

Complaint

1. Plaintiff EDWARD Johnson brings this Action pursuant to 42 U.S.C 1983 to address violations of his constitutional Rights to liberty, violations of substantive and procedural Due process, Right to be free of Cruel and unusual punishment Rights to notice and copy of process Rights secured under the Fourth, Six, Eighth and Fourteenth amendment to the United States Constitution, Rights secured under the Article 1 sec 1,2,6,11,28 of The Illinois Constitution Also Alleging violations under 42 U.S.C 1985,1986 for conspiracy to violate plaintiff constitutional Rights to liberty

2) Plaintiff seeks Damages for illegal seizure, unreasonable Arrest without probable Cause, False Arrest, illegal Detention, unconstitutional Detention, False imprisonment official misconduct, Filing False charges, Fraudulent Conveyances, Deceptive practice, legal Malpractice excessive use of force, Battery

3) Plaintiff seeks an injunction to Sheriff Dart to Ascertain the authority upon which Plaintiff is confined

4) an injunction to Cook County Sheriff Department to immediately Release the plaintiff

(2)

5) The court has jurisdiction over the plaintiffs claims of violation of federal constitutional rights under 42 U.S.C. 1331(1) and 1343

6) The court has supplemental jurisdiction over the plaintiffs state law tort claims under 28 U.S.C 1367

### Parties

7) Plaintiff EDWARD Johnson is unreasonably detained within the cook county department of corrections without judicial order, without warrant without commitment papers without due process of law Alleged to be a Fugitive From Justice/parole violator all of which are Fraudulent allegations made by the corrupt action of the chicago police department and its Defendant officers, cook county sheriff Dart is maintain this illegal arrest and Detention in concert with defendants Chicago Illinois, Plaintiff is retained at 2600 California Ave Chicago IL 60608

8) Defendant City of Chicago

9) City of Chicago Police Department

10) Defendant Alonso Michael is an agent and officer employed with the city of Chicago police Department he is sued in his individual and official capacity

3

11) Defendant John Doe is an agent and officer employed with the city of Chicago police department and he is sued in his official and individual capacity

12) Defendant Maria Nelson #11381 is a extradition Officer employed with the city of Chicago police department and she is sued in her individual and official capacity / Alternitively an employee of Cook county sued in her individual capacity

13) Defendant S. Wilkerson an agent and employee of the illinois Department of Correction in her individual capacity.

14) Defendant C. Fields an agent and employee of the illinois prisoner Review board in his individual capacity

15) Defendant Cook county

16) Defendant Sheriff Thomas Dart sued in his individual and official capacity "Monell"

17) Cook County public Defenders office "Monell"

18) Cook County Assistant public Defender supervisor Chrystle Brown in her individual capacity

19) Susan Sabor cook county assistant public Defender supervisor sued in her personal and official Capacity

4

20.) Defendant Stacy Cumming Public Defender in her individual capacity G.C.P.D

21) Defendant Muwoda Phillips Assistant public defender supervisor in her official and individual capacity G.C.P.D

22) Correctional Rehabilation worker an agent and employee of The Cook County Sheriffs Department Jail Division sued in her individual capacity

23) Correctional Rehabilitation worker supervisor Jane an agent and employee of The Cook county Sheriffs Department Jail Division sued in her individual and official capacity

24) Defendant ~~Records~~ Wilkes Records an agent and employee of Cook county Sheriffs Department Jail Division and he is sued in his individual capacity

25) Defendant Norwood a supervisor with Rank of sgt an employee and agent of The Cook County Sheriff Department Jail Division sued in her individual capacity

26) Defendant Collins a supervisor with Rank of sgt an employee and agent of The Cook county Sheriffs Department Jail Division

5

27) Defendant Kehoe a supervisor with rank of sgt an agent and employee of The cook county Sheriffs Department Jail Division sued in his individual capacity

28) Defendant Gust a supervisor with rank of Lt an agent and employee of The cook County Sheriffs Department Jail Division sued in his individual capacity

29) Defendant John Doe private security officer employed At Thorax Hospital in his individual capacity

29) At All relevant times concerning those issue's of This complaint all Defendants were operating under color of State law and within the scope of their employment

30. CJO Gonzalez a deputy Jailer an agent and employee of The cook county Sheriffs Department n his ~~........~~ individual capacity

### Facts

31. IN THIS case the plantiff will plead official Document of The Illinois prisons Renew board, official act of The State of illinois and official Document of Thorax Dept Sheriff pursuant to Rule 9 FRCP Rule (9)(c)(d) attached As exhibits (10)(11)(12) Are ~~dispositive~~ Dispositive

6

32) Plaintiff is not on parole, plaintiff's parole obligation have expired, Plaintiff has been released from Department of correction supervision and plaintiff (16) sixteen year old parole out of Tennessee was completed sentence expired under the supervision of Illinois prison Review board never Revoked.

Plaintiff was granted full citizen ship by the state of Illinois two years ago.

33) City of Chicago its police Department and Chicago Police officers have Falsely Alleged and charged Plaintiff with violation of 725 ILCS 275.0 113 fugitive from Justice by use of falsified Documents False allegation and Charge

34) Cook county sheriff its agents and employees have Joined together band together and conspired to illegally Detain and imprison plaintiff unreasonably without probable cause and while under this illegal detention plaintiff was ultimately assaulted by Defendant Gonzalez

35) The events of This complaint begin July 15 2024 while attempting to obtain diabetic supplies at Thorax Hospital 850 W. Irving park Chicago IL

36) There had never been any contact or Altercation private security Guard while plaintiff fell asleep conspired with officer Alonso michael and Defendant John Doc to Falsely arrest Plaintiff and Charge Plaintiff with agg Assault 720 ILCS 5. 0/12-2.13-9 A crime that never occured John Doc second arresting officer.

7

37) Plaintiff was also charged with U.U.W knife 720 ILCS 5.01/24-1-A-2 Plaintiff informed the officer that such a change was false yet they continued with the Charging despite video evidence conspiring with private security officer to deprive Plaintiff of liberty

38) Plaintiff was sick a diabetic and was taken after this charge back to Thomas Hospital. Plaintiff then saw defendant private security and ask him why would he and the defendant officer falsify charges He smirked.

39. Officer defendant Alonso John Doe officers Miria Nelson other John and James doe officer involved also Change Plaintiff under 725 ILCS 225.0/13 as A fugitive from Justice falsely on fabricated information and fraudulent Documents

40) Plaintiff appeared in Branch 98 on July 15 2024 When he learned that this change by the Chicago Police was being advanced. The chicago Police had presented a 2009 pre signed waiver the Tennesee request for interstate compact Transfer And filed it with the

8

41) Clerk of the Circuit court who DATE his 2009 parole certificate from Tennessee A court DATE was set for Aug 2 2024 on All related charges of arrest brought by the Chicago police, this Aetion is not A request from Tennesee not An action of The illinois Prisoner review board or a violation of The illinois department of correction of which supervised Plaintiff interstate compact transfer but A fraudulent Change.

42) However on July 17th 2024 all Changes were dismissed Sus. sponte the court case # 2411095 0101 out of state warrant and false charges of Agg Assault 2024119813201 and Plaintiff never made that Court Date of Aug 2 2024 but was not Released

43) Plaintiff obtained the Fabricated unfiled warrant learning that it Recited along with the unfiled complaint for Fugitive warrant that he committed the crime of parole violator// Burglary produced by defendant Mirsa Nelson Alleging Falsely to be sworn before A Judge of The circuit court of cook county and containing fabricated information

44) It further alleges on or about February 8th 2010 Edward Johnson fled from the Jurisdiction of The courts of said county Tennessee which is contrary to poe signed warra and the illinois supervising agencies Revealing Chicago police False Charging

45) Certain government Action and documents makes incredible the Allegation of out of state warrant as parole violator

9

46) Defendant arresting officer in concert with Defendant Alonso Michael Defendant John Doe private security C.P.D John Doe Arresting officer produce Fraudulent Charges provided fabricated information on officer transportation transmittal official reports and the proof complaint for fugitive warrant and the warrant it self.

47) As a preliminary matter when a parolee transfer his parole through interstate compact to this jurisdiction he is under the supervision of The illinois department of corrections and the illinois prisoner review board who has issued official statements of Discharge successful Discharge of all parole issues.

48) The city of Chicago and cook county is depriving Plaintiff of his constitutionally protected Rights to liberty and the pursuit of happiness, The city of Chicago its police Department named and unknown defendants, employee has initiated action against Plaintiff by use of fraudulent Charging with willful intent, fraudulent intent, deliberately indifferent to Plaintiffs constitutional Rights to be free of unreasonable Arrest, Arrest without probable cause unreasonable seizures without Due process of law

49) the chicago police department the city of Chicago its named and unnamed employees and agents

has exhibited a custom, a practice and a policy that deprives arrestees of constitutional Rights to liberty by initiating fraudulent charges using fabricated Documents and in this case claiming and alleging Plaintiff is a fugitive from Justice/parole violator

50) This was begin by a search of Plaintiff's history and discovering Plaintiff had an interstate compact transfer from Tennessee to illinois, that part existing Abuse and Manipulation of the process is easy

51) It should be noted that every parolee is required to sign a pre signed waiver that they will not challenge extradition, This document is a part of state police Records, its not A warrant nor should be used as A warrant.

52) The Cook count Circuit Court Clerk allows chicago police to File what ever they want, As A consequence on July 16 2024 Defendants Filed the presigned waiver with the Clerk exhibits (3) and (4)

53) The fraudulent warrant was never Filed exhibit (1) and fraudulent fugitive complaint exhibit (2)

(Note The sheriff is using A 2009 pre signed waiver as A Detainer and warrant)

11

54) The Jail received documents Relating to this issue exhibits (3) and (4) which provides no authority for Sheriff to detain plaintiff

55) Plaintiff was given on July 16 2024 a court Date of Aug 2 2024 to address the Agg assault Charge Fugitive from Justic Charge but never meet that court Date because Circuit court Dismissed all Charge

56) Meanwhile Plantiff was taken over to the Jail to be processed, officers of The Chicago police Dept on transport from Holding Facilty, City are provided an officer transportation transmittal for the processer intake cook county Jail DROP offs

57) Attached to this document exhibit (1) was the fraudulent Complaint for Fugitive warrant and the fraudulent warrant documents never filed in the court or processed, Plaintiff was not served a copy of those documents, Plaintiff obtained a copy from the Desk of the processing Sheriff

58) Cook county Cook County Sheriff his agents and employee Joins the conspiring to deprive Plaintiff of Liberty knowingly and willingly using an unauthorized Documents

12

alleging the this was being done repeatedly erroneously, and with deliberate indifference, continuing a detention of Plaintiff a false imprisonment in consert with the City of Chicago, its police department and resident employees known and unknown causing a deprivation of Plaintiffs liberty

59) It should be noted plaintiff was arrested while out on a pre trial release, a unauthorized use of a credit card Cook County Circuit court May wood Rm 101 Judge John wilson who has order Plaintiffs Release from custody in of This case four times on the only county issue Plaintiff has case # 24CR0203001 Release is denied by sheriff stateing due to coop open County case plaintiff can not be extradicted until He Resolves that case (this) denial is based on sheriffs fraudulent unauthorized action contrary to a courts order

60) on or about aug 8 in 2024 Plaintiff contacted the circuit court Clerk and learned that the allegation of out of state fugitive warrant had been Dismissed case # 2411095010 01 along with the agg Assault but Sheriff continued Detention

61) on sept 10 2024 Plaintiff was under

13

before Judge Sylvia ? _____ court
Judge who ordered Plantiff released Judge has
ordered Plantiff released Four times since that
date

62) Finally on December 17 2024 Plantiff went
prose and attempted to submit his writ of
habeos corpus Writ was denied by Judge wilson
who claimed lack of Jurisdiction.

63) When the sheriff uses allegation of an
out of state warrant his policy is to neverproduce
the warrant or any papers associated with an
extradition he willfully violates state law
which requires him to provide a copy of
process on demand As required by 735 ILCS 5/10-105
After the Fraud committed by Chicago Police the
Sheriff exacerbates it with an illegal detention
Benifiting from Revenue of Tax payer Dollars until
Resolution of my county issue, then tell the
Detainees that the out of state Jurisdiction is not
coming For them Detainee is now-the user of
An illegitimate process and Fraudulent Deceptive
practices.                                   14

An illegal Retention without due process of law

(4) The sheriff can not plead ignorance of Due process of law as to Requirements of particular documents for an Out of State fugitive warrant or the Due process Required by the illinois prisoner Review board to Revoke a parole pursuant to illinois law

(5) 730 ILCS 5/3-3-1.4 pursuant to 725 ILCS 225/3 Due process Requires proper form of demand Due process Requires pursuant to 725 ILCS 225/7 Issuance of a Governors warrant of Arrest

(6) pursuant to ILCS 225/13 Arrest prior to Requisition 725 ILCS 225/26 Even when there is a written waiver before such waiver shall be executed Plaintiff has a Right to issuance and service of a warrant of extradition and to obtain relief by habeas corpus

(7) Plaintiff conveyed his concerns to his public defender Defendant Defendant Samantha French who Allegedly contacted Jail records, And was allegedly told that some one from Tenessee had contacted them she did not Request any documents but adopted the conspinatorial statement that Plaintiff could not be extradicted until Resolution of county case No department or names given

18

(5)(5) are suppose I think just press guilty stated "no I think Tennessee is coming to get" Plaintiff 'NO' Does she think its right 'NO' but legally failed to protect the rights and interest of her client her Actions crediting and supporting the conspiracy

(5) Cook County public defender Defendant French and Cook County public defender supervisor Muwondo Phillips Did nothing Further to protect the interest of them client but suggest that plaintiff hurry and make an irrational decision in the court to resolve the issue never attempted to enforce the courts order of release by habeas Corpus

7(6) Both Defendant Phillips was deliberately indifferent to Plaintiffs constitutional right to liberty Both defendant knew Plaintiff was not on parole or a parole violator

7(7) Next plaintiff began to exhaused his Remedies with the sheriffs department and within the cook county Department of Correction Jail Division

7(8) ON July 17 2024 Plaintiff was called to Division (5) lobby by Defendant S.wilkerson an employee of The illinois department of correction who attempted to present a parole violation report and told plaintiff he would be having a preliminary hearing on July 29 2024 Clearly operating without authority if illinois department of correction but as an agent in the scope if That employment

16

73.) It's clear by statement of sergeant Jones and the prisoner review board that defendant was committing official misconduct. That the document was unauthorized Exhibit (1A)

74.) Plaintiff look forward to a July 29th Hearing so that he could clear up this issue as he thought it was just error and not a concerted Action

75.) However thoughts of error changed when on July 29 2024 Defendant Wilkerson showed up with a preliminary parole violation Hearing report and findings exhibit (PRB)

76.) Plaintiff was expecting to have a preliminary hearing but instead was presented with this document alleging that a preliminary hearing was held on this very day by Defendant C. Fields. It alleged plaintiff gave testimony and that based on parole violation report probable cause was found for revocation Final Hearing. Clearly based on I.P.R.B. official statements the attempt to get Plaintiff to sign that document was another conspiratorial Act and constitutional violation of plaintiff's substantive and procedural Rights.

77.) The document was a template and there had been no preliminary hearing associated with the document. The intent was to have plaintiff sign to develope a record of Due process to support this fraud. but when plaintiff complained Defendant said she was just told to get plaintiff to sign

78.) 17

78) Plaintiff After 28/2024 jeopardy court date made multiple Request to Correctional Rehibilitation worker (CRW) Hatcher defendant without response from Records according to Hatcher for production of A fugitive warrant Plaintiff submitted Grievance number 2024X11626 to Records and Hatcher, addressing Denial exhibits (6) & (7)

79) Plaintiff begin to put supervisors and Jail staff on notice of ", llegal detention On 9-27-2024 ( ) defendant Kradkes Records, On 10.5.24 defendant Kradkes (sic) Responded "IIC Hanson has a detzyed case 24 CR07.08001 with a court DATE of 10-28-24 IIC is unable to be extradited due to open county case

30) This answer was non responsive to inquiry, without authority Cook county is using this unverified Fraudulent Action of extradition to deny plaintiff his release and due process of law. (Court ordered Release)

31) Plaintiff spoke with Hatcher about this response Hatcher on said she would send another e-mail, Plaintiff gave Defendant Hatcher a copy of the fraudulent warrant to have Records verify it with no response, but Aprocess to e-mail Records again about A copy.

32) Plaintiff once Again requested From Defendant Hatcher A copy of Averified warrant and was

18

told these 13 by waiver

83) Once Again on 9-26-24 plaintiff wrote a grievonce against Thomas Dart and Mario Nelson alleging they in concert were maintaining a fraudulent conspiratorial illegal detention depriving plaintiff of his right to liberty in support of Defendant Chicago police charges

84) Defendant Hatcher under the supervision of Defendant Jones notified Plaintiff that these grieved issues would not be processed because the grieved issue did not occurre within 15 days, is not an allegation of sexual assault, harrassment or sexual abuse

85) that these grieved issues will not be assigned a control number, can not be appealed and remedies can not be exhusted such issues are non-compliant exhibit (8)

86) Plaintiff Attempted to seek help through the Defendant Norwood who now become a party to the fraud and conspiratonal acts. by presenting a copy of the pre-signed waiver and parole certificate from 2009 exhibits (A)[3] & (B)[4]

19

87) Plaintiff requested a copy of the warrant not
Irrelevant documents upon with does not authorize
Detention

88) Defendant Bidford sgt supervisor and
collens were deliberatelly inidifferent and would
offer excusses or inaccurate Respones Rather
than investigate the matter

89) Respones such as Plaintiff has a court
Date for Aug 2 2024 but it was october already
or they would tell Plaintiff, "you went to court
for a peditition for pretrial release and it was
Denid", or case # 20249119813201 A Dismissed case,"

90) Jail supervisor Gost, Collins, Bufford
Kehoe would Repeat these allegations every time
they were address, Sgt Bufford punished Plaintiff
throwing him in the hole for attempting to
get help.

20

91) Sometime Defendants allege that a Dupage misdemeanor warrant was preventing Release, Plaintiff knew that was not the reason

92) The named defendants have all advanced falsified information to conceal an illegal arrest falsified charges of The City of Chicago police Cook county, Sheriff is exhibiting A totally deliberate indifference toward plaintiff rights to liberty court orders of liberty causing cruel and unusual punish to Plaintiff

93) Plaintiff is being misclassified placed with mentally ill Detainees and Detainees faced with murder charges having to defend Defend himself protect himself but then punished with seg and criminal charges and Chemicals

94) Defendant Chicago and Cook county is causing Plaintiff extreme mental anguish, anexity, stress, mental anguish

95) Plaintiff on 12·17·24 went to court and was again ordered released by the cook county circuit court this order was meet with Deliberate

21

96) a city county and sheriff can not claim as an excuse ignorance of the law this imprisonment is knowingly with out valid process an contrary to any action under illinois law or the constitution.

97) For sake of argument even if Plaintiff was a parolee under illinois law before a parolee can become a parole violator he must be afforded due process

98) Plaintiff would submit the sheriff action is not a communication failure this states governor has issued certificates of Citizenship for Plaintiff, There is no law known to plaintiff that provides for denial of liberty by word of mouth, without process or legal authority.

99. Ignorance and alibies by the sheriff and agents have been used to vitiate Plaintiffs Rights to liberty

22

100.) The Smile has the means and duty to make necessary inquiries, he is under an obligation statutorily to carry out the function of his office. Those duties include not only the duty to protect a prisoner but also the duty to effect his timely release or to ensure a constitutional detention

101) The sheriff and cook county does not have a justifiable reliance upon a warrant of commitment valid in any form, the sheriff is advancing a pre signed waiver from an expired and completed parole as ratified by Illinois prisoner review board and the state of Illinois.

102) A document which clearly exhibits that its purpose was a request for an interstate compact transfer to illinois from Tennessee dated 6-15-09 Exhibit (A) & (B)

103) proceedings concerning the false charge of Fugitive from Justice was terminated by action of the cook county Circuit court Branch 98

23

on or about July 17 2024

104) Failure to know of a court proceeding terminating a warrant or commitment issue of one held in custody "is not as a matter of law" adequate legal justification for an unauthorized restraint but to justify it on unauthorized documents, hearsey and fabrication is unconsciousable and shocking

105) Plaintiff request to see a warrant are always Disregarded on 11-19-2024 a grievance was submitted for request it has gone unanswered (exhibit 9)

106) Pursuant to 735 ILCS 5/10-105 copy of process any sheriff having custody of any person on any process of any court who neglect to give such person a copy within 6 hrs of demand shall forfit to person affected 500.00 exhibit (9) Plaintiff made at least twelve request

107. Then on 12-20-2024 Plaintiff was attacked and assaulted by Defendant Deputy Sheriff Gonzelez Defendant entered a holding cell located in

24

in Division 8 RTU Defendant John Doe walked straight to plaintiff threatned Plantiff then greased plaintiff by the throat and begin to chocke plaintiff, plaintiff is 60 years old and was almost unconcious, could not breath for about 7 min then defendant Gonzalez Released plaintiff who attempted to get to the door for help of which time defendant took his extremely big brass key and immediately stuck plaintiff in the left eye, plaintiff fell back in shock and fell to the floor as defendant shoved plaintiff from the door

108) Defendant left plaintiff laying on the floor without medical attention for over 30 min this defendant used unprovoked excessive use of force against plaintiff only because plaintiff had requested to be moved to his floor to get medication video shows plaintiff in secure room the defendant and caring sheriff has not only illegally detained plaintiff

25

but has failed to protect plaintiff's right to be free of

preal and in possetion to be subjected to cruel and unusual

punishments Chemical poisons

109) These action were taken while plaintiff was locked in

a holding area and posed no threat to the defendant, the defendant

reported use of excessive force deprived plaintiff of his right

to be free from cruel and unusual punishment as secured to him under

the eighth and fourteenth amendment to the united states constitution

and section 1983

110) The actions of Defendant Gonzalee were done intentionally,

willfully, wantonly and with malice.

111) Plaintiff suffered injuries as a result of defendant's conduct

112) As a direct and proximate consequence of said conduct

Plaintiff suffered physical injury, fear, humiliation emotional

distress, anxiety, monetary damage, humiliation

embarrassment, pain and suffering and disciplinary and other

action defendant is a 60 year old male being

unlawfully detained in the cook county Jail it

appears that plaintiff is being targeted by

defendant when he express this position of unlawful

detention and staff opposses or ignors plaintiff

becoming tempermendal allowing defendant to write false

reports and casue plaintiff to be punished more, RCDC-2024-

29201

but has faile to protect plaintiff while him in possession to be subjected to cruel and unusual punishments and defendant sheriff is liable for the action of his agents and employees

Monell

109.) Plaintiff reports and re-alleges paragraphs one through 108 of his complaint as if fully set forth herein

110) The defendants Cook county, Thomas Dant Cook county sheriffs office has a widespread unconstitutional custom, practice and or policy of:

A) Of Depriving plaintiff and detainees of constitutionally liberty protected liberty by simply alleging an out of state warrant exist

B) Refusing to verify the existence of out of state demand

C) Being deliberately indifferent to detainees request for documents supporting detention of out of state warrant

D) Denying release of detainees order released by Cook county circuit court by alleging out of state warrant

28

E) Causing detention of detainees until the resolution of any county case even if court order Release on unverified allegation of out of state warrant

F) When the detainees case is resolved without state sentencing detainees are told the out of state jurisdiction is not coming to get them

G) Causing an illegal detention on out of state warrant allegation to be unaddressable unappealable, unexhaustible without Remedie Designating it non-compliant,

H) Blind folding a government action of detention Denying cause of detention to be made known and official Act. Where detainee has to Guess whether an official Act of Detention is Based on ligitimate action or Fraud

111) on information and belief these methods have been used on Hundreds of Cook County Jail inmates per year to Deny constitutionally required liberty

112) The allegation of which Plaintiff makes through this complaint were directly and proximately caused those wide spread practices.

28

CRUEL AND UNUSUAL PUNISHMENT

113) Plaintiff repeats and re-alleges paragraphs one through 112 of his complaint as if fully set forth herin

114) Cook county, Sheriff Thomas Dart and correctional officer Defendants is engaging in an ongoing pattern physical Abuse, mental Abuse, financial Disruption depriving Plaintiff of happiness endanger Plaintiff life depriving plaintiff of liberty which violates Plaintiffs Rights under the Eighth and fourteenth amendments of The united State Constitution to be free of cruel and unusual punishment

115) This Abuse and Denials with violence are undertaken with deliberate indifference to Plaintiffs Rights and for no ligitimate penological purpose

116) under the fourth Amendment State or Sheriff may not Authorize deprivation of protected liberty or property interest without providing procedures in connection with that deprivation that meets Requirment of due process

29

Indemnification
Cook County

117) Plaintiff repeats and realleges paragraphs one through 112) of his complaint as if fully set forth herein.

118) Pursuant to 745 ill comp. Stat, 10/9-102 Defendant cook county is empowered and directed to pay any tort Judgment for compensory damages, as well as any associated attorneys fees and cost, for which it, the sheriff's office or their employees while acting within the scope of their employment are found liable. Therefore, in the event a Judgment for Compensatory Damages is entered against defendants, the court should direct defendant cook county to pay the Judgment as well as any associated attorneys fees and cost

Indemnification
Respondeat Superior
City of Chicago

119) That City of Chicago is liable and directed to pay tort Judgments for compensatory or punitive damages under the theory of Respondeat superior as well as any associated attorneys fees cost for which its employees and agents while acting under scope of their employment are found liable

30

Wherefore, Plaintiff Edward Johnson prays for this Court to enter Judgment in his favor and against the defendants and orders

A) Reasonable and appropriate compensatory damages arising from the unlawful and wrongful conduct of defendants

B) Punitive Damages from Defendants in an amount to be ascertained at trial.

C) Cost, expenses and reasonable attorneys fees pursuant to 42 U.S.C 1988

D) That City of Chicago pay cost, expense and reasonable attorney fee under applicable maniciple liabilities and statutes for which city defendant are found liable

E) an order that defendant cook county pay any judgment for compensatory damages and any associated attorneys fees and cost for which the individual defendants are found liable and

F. Such other relief as this court deems necessary and proper

Notary public

Respectfully Submitted

Edward Johnson

Certification

30

The plantiff Demonds this case be tried by Jury

The plantiff has exhaused all available remedies
Relating to Detention and excessive use of force

Sheriff has refused Release pursuant to Judicial
ORders

Sheriff is Detaining plaintiffe pursuant to a 2009
expired waiver on an interstate compact Request
issued on an expired illinois supervision parole from
Tennessee

## certification

I certify that the facts stated in this complaint are
true to the best of my Knowledge, information and
belief

Signed this 31st DAY of December 2024

Edward Johnson
2024016124
2600 s California Ave
Chicago IL 60608

Exhaustion on Excessive use of force the appeal Does not provide
for Damage awards and is taken long past where
Plaintiff has been Illegally detained to long and can not
Delay the bringing of This suit any longer

Edward Johnson
2024071610Y
Cook County Dept. of Corrections                    12-30-24
2700 S, California Ave
Chicago, IL 60608

RE: Filing of Civil suit False imprisonment & excessive use of
      Force
Dear Clerk

      Please Find enclosed Plaintiffs initial Filing, Plaintiff
would Request Return (18) marshal Forms enclosed
Plaintiff Form of paupers Application, Plaintiffs
motion For Appointment of Counsel

      Please Acknowledge with receipt OR
Filing Please

                                    Respectfully Submitted
                                    Edward Johnson

IR # 2020272
YD #
RD # JH347053

# DEPARTMENT
# R TRANSPORTATION TRANSMITTAL

Avenue, Chicago, Illinois 60653

**HOLDING FACILITY:** District 019 Male Lockup

**ADDRESS OF ARREST:** 850 W IRVING PARK RD, CHICAGO, IL

**NAME :** JOHNSON, Edward A

**Residence:** 7586 NORTHWAY DR, HANOVER PARK, IL

**SEX** : Male
**DOB** : 11 DEC 1964

**RACE :** Black
**AGE** : 59 years
**DLN** : J52522164352 - IL

**HEIGHT** :5' 11"
**HAIR COLOR** :Unknown
**EYE COLOR** : Brown

**WEIGHT** :180 lbs
**HAIR STYLE** :Bald
**COMPLEXION** : Dark Brown

*WRt Tennesse*

*FEL M45*

**FIRST ARRESTING OFFICER:** #10003 Alonso, Michael

**DESIRED COURT DATE :** 02-AUG-2024   29-2   5555 W GRAND AVE - Room

**CHARGES :** 720 ILCS 5.0/24-1-A-2 - Uuw - Weapon - Carry W/ Intent Knife
720 ILCS 600.0/3.5-C - Poss Drug Paraphernalia
725 ILCS 225.0/13 - Fugitive From Justice - Out Of State Warrant
720 ILCS 5.0/12-2-B-4 - Agg Assault Vol/Priv Sec Off/Util

Print Generated By :BRANNIGAN, Patrick ( PO0G529 )

Printed on : 15 JUL 2024 12:22

20210824025



*Trans to Br RO*




# STATE OF TENNESSEE
## BOARD OF PROBATION AND PAROLE
### Division of Board Operations
## Parole Certificate
### 129891

Parole Type
Out-of-State

Certificate Type
Regular

### Johnson, Edward Allen – PRISON NUMBER 00165254,

. is eligible to be paroled from the the West Tennessee State Penitentiary

and there is reasonable probability that said prisoner will remain at liberty without violating the law. It further being the opinion of the Tennessee Board of Probation and Parole that the parole of this prisoner is not incompatible with the welfare of society.

It is hereby ordered that said prisoner be, and hereby is paroled, subjective to the following conditions, effective: **August 14, 2009**

1. I will proceed directly to my destination and upon arrival report immediately to my Probation/Parole Officer or in any event no later than 72 hours after release.
2. I will obey the laws of the United States or any state, in which I may be, as well as any municipal ordinances.
3. I will report all arrests, including traffic violations, immediately, regardless of the outcome, to my Probation/Parole Officer. I will, when away from my residence, have on my person my parole identification card and present it to the proper authority.
4. I will not own, possess, or carry any type of deadly weapon (guns, rifles, knives) or any illegal weapons.
5. I will work steadily at a lawful occupation. If I become unemployed, I will immediately report this to my Probation/Parole Officer and then begin to look for another job.
6. I will get the permission of my Probation/Parole Officer before changing my residence or employment, or before leaving the county of my residence or the state.
7. I will allow my Probation/Parole Officer to visit my home, employment site, or elsewhere, and will carry out all lawful instructions he/she gives and report to my Probation/Parole Officer as instructed, and will carry out all lawful instructions of the Administrative Case Review Committee, and will comply with a referral to Resource Center programs, if available, by attending, and will submit to electronic monitoring or community service if required.
8. I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement officer, at any time.
9. I will not use intoxicants (beer, whiskey, wines, etc) of any kind to excess. I will not use or have in my possession marijuana or other illegal drugs. I will submit to drug screens or drug tests as directed by my Probation/Parole Officer.
10. I will waive all extradition rights and processes and agree to return to Tennessee if at any time prior to my release from parole, the Board of Probation and Parole directs me to do so.
11. I agree to pay all required fees to the Supervision and Criminal Injuries fund and restitution as ordered by the court.
12. I will not engage in any assaultive, abusive, threatening or intimidating behavior. Nor will I participate in any criminal street gang related activities as defined by TCA 40-35-121. I will not behave in a manner that poses a threat to others or myself.
13. If paroled to a detainer(s), I will report to the office designated if released from that detainer before my Tennessee parole expiration date.

**SPECIAL CONDITIONS:**
1. If convicted of a sex offense, I will abide by the Specialized Parole Parole.
2. Temporary Job Waiver
3. Living Condition Specified: Illinois Only
4.
5.

Post-it® Fax Note    7671    Date 8-18-09    # of pages ► 1
To                            From WTSP
Co./Dept. Probation + Parole  Co.
Phone #                       Phone #
Fax # 615-741-8513           Fax #

| Parole Officer: Officer Of The Day | Telephone: (800) 666-6744 |
| --- | --- |
| Location: Report Immediately Upon Release | |

I fully understand this order of parole, and I agree to comply with such conditions during the period of my parole, the this the _____ day of _____, 200___. Further I hereby waive all extradition rights and process and agree to return to Tennessee voluntarily if at any time prior to my release the Tennessee Board of Probation and Paroles directs me to do so. Said parole shall expire upon the sentence expiration date.

_____
WITNESS SIGNATURE

_____
PAROLEE SIGNATURE

Distribution: Central Office, Parole Officer, Parolee, Institution
BP-0015 (REV 04/2009)

RDA NA

**FILED**

JUL 16 2024

IRIS Y. MARTINEZ
CLERK OF CIRCUIT COURT

EXHIBIT (5) A

# Interstate Commission for Adult Offender Supervision

# OFFENDER'S APPLICATION FOR INTERSTATE COMPACT TRANSFER

| To: Illinois | Date: 06/12/2009 | Type of supervision: [X] Parole [ ] Probation | Is this case: [ ] Registered Sex [ ] Victim sensitive |
|---|---|---|---|
| From: Tennessee | Phone #: 615-741-2107 | Fax #: 615-741-8513 | |

## OFFENDER INFORMATION

| Offender's full name (last, first, MI): JOHNSON, EDWARD A. | Offender number: 213209 Sending state#: 00165254 Receiving state#: |
|---|---|

**AKA:**

| SS#: (if available) 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 | FBI#: (if available) B08044AA5 | Sex: M | Race: Black | DOB: 12/11/1964 |
|---|---|---|---|---|

I, EDWARD A. JOHNSON, am applying for transfer of my parole/probation/other supervision from Tennessee (sending state) to Illinois (receiving state). I understand that this transfer of supervision will be subject to the rules of the Interstate Commission for Adult Offender Supervision.

I understand that my supervision in another state may be different than the supervision I would be subject to in this state. I agree to accept any differences that may exist because I believe that transferring my supervision to Illinois (receiving state) will improve my chances for making a good adjustment in the community. I ask that the authorities to whom this application is made recognize this fact and grant my request for transfer of supervision.

In support of my application for transfer, I make the following statements:

1. If I am allowed to transfer my supervision to Illinois (receiving state), I plan to live with null, at (full address/telephone #) null until I am allowed by the supervising authorities to change my residence.

2. I will comply with the terms and conditions of my supervision that have been placed on me, or that will be placed on me by Tennessee (sending state) and Illinois (receiving state).

3. I understand that if I do not comply with all the terms and conditions that the sending state or the receiving state, or both, placed on me, that it will be considered a violation and I may be returned to the sending state.

4. I agree to the release of any drug or alcohol treatment information from Tennessee (sending state) to any authorized person in Illinois (receiving state) for the purpose of transferring my supervision. This consent remains in effect from this date 06/12/2009 (today's date) until I revoke this consent.

5. I agree to return to Tennessee (sending state) at any time I am directed to by the sending state or the receiving state. I know that I may have a constitutional right to insist that the sending state extradite me from the receiving state or any other state where I may be found. This is commonly called the right to extradition. But I also understand and acknowledge that I have agreed to return to the sending state when ordered to do so either by the sending or receiving state. Therefore, I agree that I will not resist or fight any effort by any state to return me to the sending state and I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO EXTRADITION. I WAIVE THIS RIGHT FREELY, VOLUNTARILY AND INTELLIGENTLY.

Offender's signature: _Edward Johnson_  Date: 6-15-09

Printed name: _Edward Johnson_

Witness: _Lisa Fraley_  Date: 6/15/2009

Printed name: LISA FRALEY

FILED
JUL 16 2024
IRIS Y. MARTINEZ
CLERK OF CIRCUIT COURT



### SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
RICHARD J. DALEY CENTER, CHICAGO, IL 60602
**THOMAS J. DART**

November 27, 2024

Edward Johnson
P.O. Box 089002
Chicago IL 60608

20240716104

RE: FOIA Request of November 25, 2024, Reference # R065372-112524

Dear Edward Johnson,

Thank you for contacting the Cook County Sheriff's Office ("CCSO") pursuant to the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 et seq. (2012).

Your request mentioned:

*Please provide a copy of the fugitive warrant, a copy of the governor of Tn and Illinois declaring me a fugitive, provide a copy of the hearing, date and time I was served with the warrant, statement of all cases that Cook County have authority to detain me, information concerning case 24110950101, case 20241198132101, provide a copy of the warrant and all supporting documents.*

Please be advised that the Cook County Sheriff's Police Records Department conducted a diligent search based on the information you provided. However, it was determined that the Cook County Sheriff's Police Department did not handle the arrest(s) in question. The location where the accident occurred is located in Chicago, Illinois which is not in unincorporated Cook County. The Cook County Sheriff's Police Department only handles unincorporated jurisdictions in Cook County, IL.

As such, you may wish to redirect your request to the Chicago Police Department at the following address:

Chicago Police Department
Attn: Freedom of Information Officer
Records Inquiry Section, Unit 163
3510 S. Michigan Ave.
Chicago, IL 60653
foia@chicagopolice.org

Please contact us by replying to this letter if you have any further concerns/questions related to this request.

Sincerely,

Erica Thigpen

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COMPLAINT FOR FUGITIVE WARRANT

Maria Nelson #11381, *as* Extradition Officer, states that on or about _____February 8, 2010_____ in the

of _____TENNESSEE_____ and State of _____SHELBY_____ fled from the crime of

_____PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION_____ was committed in this,

_____EDWARD A. JOHNSON_____ did, then and there, with felonious intent, commit the crime (s) of

PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION all being contrary to, and against, the peace and

dignity of the State of _____SHELBY_____ and that this complainant has just and reasonable grounds to believe,

that the said, _____EDWARD A. JOHNSON_____ committed said offense. This complainant further says that he is

informed and believes, and upon such information and belief states that said, _____EDWARD A. JOHNSON_____ , now

legally charged by warrant and in the courts of said County of _____TENNESSEE_____ in the State of _____SHELBY_____

with committing the crime of _____PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION_____ and that

PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION _____ is a crime under the laws of the State of _____SHELBY_____

and under the Constitution of the United States of America, and that said _____EDWARD A. JOHNSON_____

PAROLE VIOLATION/BURGLARY - OTHER THAN

after he had committed the crime of _____HABITATION_____ , as aforesaid,

fled from the jurisdiction of the County of _____TENNESSEE_____ and the State of _____SHELBY_____ and

is now within the jurisdiction of The Circuit Court of Cook County, within the County of Cook and the State of Illinois,

is a fugitive from justice and is liable by the Constitution and the laws of the United States to be delivered over upon

the demand of the Executive of the State _____SHELBY_____ aforesaid.

---

STATE OF ILLINOIS

County of Cook ss. Extradition Officer Maria Nelson #11381 .........being first duly sworn on his oath, deposes and says that he has
read the foregoing complaint by him subscribed and that the same is true.

Maria Nelson # 11381

July 15, 2024

Iris Y. Martinez CW 113
(Judge or Clerk)

Subscribed and sworn to before me

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and
am satisfied that there is probable cause for filing same. Leave is given to file said complaint. Warrant issued.

Bail fixed at $ _____

JUDGE _____
Judges n

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

On behalf of the people of the State of

SHELBY

V.                    } No. .............................................

EDWARD A. JOHNSON

## FUGITIVE WARRANT

THE PEOPLE OF THE STATE OF ILLINOIS TO ALL PEACE OFFICERS IN THE STATE – GREETINGS:

WHEREAS, complainant in writing, under oath, has been this day entered before the undersigned, a Judge of The Circuit Court of Cook County in said county, by sworn Extradition Officer Maria Nelson #11381 that the crime of PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION has been committed in the County of TENNESSEE , State of SHELBY and that EDWARD A. JOHNSON is now legally charged in the courts of said County of TENNESSEE State of SHELBY with committing said crime as set forth in the sworn complaint aforesaid, and that PAROLE VIOLATION/BURGLARY - OTHER THAN HABITATION is a crime under the laws of The State of SHELBY and under the Constitution and laws of the United States of America, and that on or about February 8, 2010 said EDWARD A. JOHNSON fled from the jurisdiction of the courts of said County of TENNESSEE State of SHELBY and is now, within the jurisdiction of the courts of the Cook County and the State of Illinois and is liable to extradition. We, therefore, hereby command you, forthwith to arrest the said EDWARD A. JOHNSON and bring him before me, at Cook County Circuit Court 2600 S. California, Chicago or in case of my absence or inability to act, before some other Judge, within this State, to answer to the People of the State of Illinois on said charge, and abide such further order as may be made concerning said charge and make due service and return hereof as the law directs.

Issued in Cook County ...............................................

Bail fixed at $ ...............................................

Judge ........................    Judge's no. ...............

WITNESS: IRIS Y. MARTINEZ, Clerk of Court
And the Seal thereof, at Chicago

*Iris Y Martinez* (MN11381)

Clerk

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

executed this warrant by arresting the within named

On          July 15, 2024

*Maria Nelson* 11381

Officer Maria Nelson #11381 *as* Extradition Officer

*Exhibit 11*



**STATE OF ILLINOIS**
**PRISONER REVIEW BOARD**
James Montgomery, Executive Director

☐ **55 and Older EHD**: 730 ILCS 5/5-8A-3 (d) A person serving a sentence for conviction of an offense other than for predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, or felony criminal sexual abuse, may be placed in an electronic home detention program for a period not to exceed the last 12 months of incarceration, provided that (i) the person is 55 years of age or older; (ii) the person is serving a determinate sentence; (iii) the person has served at least 25% of the sentenced prison term; and (iv) placement in an electronic home detention program is approved by the Prisoner Review Board. **At this time our office does not have a request from the Department.**

☐ **Elderly Rehabilitated Prisoner Supervised Release Program**: HB 3816 (730 ILCS 5/3-3-3.1 new) has not passed the General Assembly and is therefore not in effect.

☐ **Subsequent Early/Final Discharge Requests**: SB 423 (730 ILCS 5/3-3-8 (e)) Your request for early discharge has not been submitted by IDOC for review. Request submission from your Parole Agent with compliance documentation.

**OTHER: Neither IDOC or PRB have any holds on you. Our records show that you are discharged from Il Department of Corrections.**

Date: 12/6/24

Angie
Liaison, Illinois Prisoner Review Board

# COOK COUNTY SHERIFF'S OFFICE
*(Oficina Del Alguacil del Condado de Cook)*

## INDIVIDUAL IN CUSTODY GRIEVANCE RESPONSE/APPEAL FORM
*(Individuo bajo custodia - formulario de respuesta/apelación de queja)*

| CONTROL NUMBER | Individual In Custody SHORT #: |
|---|---|
| 2024X11626 | 016608 |

PRINT: CRW LAST NAME: Hotchoo

## INFORMATION TO BE COMPLETED BY IIC SERVICES PERSONNEL ONLY

| Individual In Custody LAST NAME: | Individual In Custody FIRST NAME: | BOOKING ID # : |
|---|---|---|
| Johnson | Edward | 2024-0714CM |

**GRIEVANCE ISSUE AS DETERMINED BY CRW:** 196. Records Officer Issue

**IMMEDIATE CRW RESPONSE (if applicable):** N/a

**CRW/ REFERRED THIS GRIEVANCE TO** ( *Example:* **Superintendent, Cermak Health Services** ): Records

**DATE REFERRED:** 9 / 18 / 24

## RESPONSE BY PERSONNEL HANDLING REFERRAL

Please be advised IIC Johnson has a detained case 24CR0708001 with next court date of 10/31/24. IIC is unable to be extradite due to open Cook County case.

**PERSONNEL RESPONDING TO GRIEVANCE (! Print !):** Killikes

**SIGNATURE:** Killikes

**DIV./DEPT.** Records

**DATE:** 9 / 27 / 34

## THIS SECTION IS TO BE COMPLETED BY INDIVIDUAL IN CUSTODY ! *(Esta sección debe ser completada por el individuo.)*

**INDIVIDUAL IN CUSTODY SIGNATURE** *(Firma del individuo bajo custodia.:* Release to sign AH 9:50 Am

**DATE RESPONSE WAS RECEIVED:** *(Fecha en que la respuesta fue recibida)* 10 / 3 / 24

## INDIVIDUAL IN CUSTODY 'S REQUEST FOR AN APPEAL ( *Solicitud de apelación del individuo* )

- To exhaust administrative remedies, a grievance appeal must be made on this form and within 15 calendar days of the date the individual received the above notated response. An appeal must be filed in **ALL** circumstances in order to exhaust administrative remedies, regardless if the grieved issue(s) have been referred for further review and/or investigation. Any pending O.P.R. review or investigation, is **NOT** part of the grievance appeal process.
  *Para agotar los recursos administrativos, las apelaciones de quejas se deben realizar en este formulario y dentro de los 15 días calendarios a partir de la fecha en que el individuo recibió la respuesta anotada anteriormente. Se debe presentar una apelación en TODAS las circunstancias a fin de agotar los recursos administrativos, independientemente si los asuntos de la queja han sido referidos para una revisión y/o investigación. Cualquier revisión o investigación pendiente de OPR NO es parte del proceso de apelación de quejas.)*

**INDIVIDUAL IN CUSTODY BASIS FOR AN APPEAL:** *(Base de apelación del individuo.)*
**DATE OF APPEAL REQUEST:** *(Fecha de la solicitud de la apelación.)* _____ / _____ / _____

## DIRECTOR'S/DESIGNEE'S ACCEPTANCE OF BASIS/REQUEST OF APPEAL?
*(Aceptación del Director/Designado de la solicitud de apelación del individuo.)*

Yes ☐   No ☐

**IIC SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** *(Decisión o recomendación por parte del Director de Servicios de IIC / Designado.)*

**IIC SERVICES DIRECTOR/DESIGNEE** *(Director de Servicios de IIC / Designado)*:

**SIGNATURE** *(Firma)*:

**DATE** *(Fecha)*: _____ / _____ / _____

---

*Appeal response and/or decision returned to IIC via inter-departmental mail, U.S. Mail or CRW delivery.*
*(Su respuesta de apelación y/o decisión será entregada al IIC por Correo interno del departamento, Correo de EE. UU. o del Trabajador Social (CRW).)*

**DATE APPEAL RESPONSE/DECISION WAS FORWARDED:**
*(Fecha en que se envió la respuesta/decisión de apelación.)*
_____ / _____ / _____

PRB



# Illinois Prisoner Review Board Order
## Preliminary Parole or Release Violation Hearing – Report of Findings
Distribution: PRB; Releasee; IDJJ/IDOC; Hearing Officer

A/V SCREENING: **Not Eligible** _____    IF YES, ATTORNEY NAME: _____

Written Notice of Charges having been served on Releasee:

**Johnson, Edward Allen** _____    **X58897**

PAROLEE/RELEASEE NAME (Last, First, Middle)    IDOC/IDJJ No.

**S. Wilkerson** _____    **COOK COUNTY JAIL** _____    **7/17/2024**

by (SERVICE OFFICER)    at (LOCATION)    on (DATE)

The undersigned, **C. Fields** _____, having been duly appointed a Preliminary Hearing

Officer to conduct preliminary parole violation hearings, did hear the above matter at **Cook County Jail** _____

on **Jul 24, 2024** _____ and this Hearing Officer was not involved in the initial report of violations or recommended revocations.

The following is a list of witnesses and documents presented:

☐ POLICE REPORT _____    ☒ PAROLE VIOLATION REPORT/NOTICE OF CHARGES

☒ OWN TESTIMONY _____    ☐ OTHER _____

☐ WITNESSES _____

After hearing and as indicated in the summary below, the undersigned finds:

◯ hearing is **CONTINUED to** _____    ☐ Releasee's request    ☐ Hearing officer's request

◯ that there is **NO PROBABLE CAUSE** that conditions of the release have been violated and the Prisoner Review Board shall not conduct a Final Revocation hearing.

◉ that there is **PROBABLE CAUSE** that conditions of the release have been violated and the Prisoner Review Board shall conduct a Final Revocation hearing on such violations as probable cause is indicated:

**The Releasee is accused of violating the following conditions of release in the following regard as specifically set forth in the Notice of Charges/Violation Report and that the undersigned finds the following:**

☐ 1. Violation of any criminal statute.    ◯ **NO PROBABLE CAUSE** (do not use as basis for violation)    ◯ PROBABLE CAUSE

The following is a summary of evidence presented and the basis for findings:

|  |
|---|
|  |

☐ 2. Possession of a firearm or other dangerous weapon.    ◯ **NO PROBABLE CAUSE** (do not use as basis for violation)    ◯ PROBABLE CAUSE

The following is a summary of evidence presented and the basis for findings:

|  |
|---|
|  |

☒ 3. Failure to report to your agent (AWOL).    ◯ **NO PROBABLE CAUSE** (do not use as basis for violation)    ◉ PROBABLE CAUSE

MORRISSEY
773-388. 12 35
4

**State of Illinois - Prisoner Review Board Order**
**Preliminary Parole or Release Violation Hearing – Report of Findings**
Distribution: PRB; Releasee; IDJJ/IDOC; Hearing Officer

| Johnson, Edward Allen | X58897 |
|---|---|
| PAROLEE/RELEASEE NAME (Last, First, Middle) | IDOC/IDJJ No. |

Releasee requests that the Prisoner Review Board hereby resume this release onto Mandatory Supervised Release/Parole/Aftercare with current conditions. If approved by the Board, a Final Revocation hearing will be scheduled within 5 business days of approval.
*This field is required.

◉ NOT REQUESTED          ○ RECOMMENDED          ○ NOT RECOMMENDED

Offender
Justification:

Hearing
Officer
Rationale:

Hearing Officer

I, __Johnson, Edward Allen_____, have received a copy of this Report of Findings.

## ILLINOIS PRISONER REVIEW BOARD DETERMINATION OF RECOMMENDATION FOR RELEASE

○ GRANTED          ○ DENIED          Date: _____

Member _____     Member _____     Member _____

COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*
**INDIVIDUAL IN CUSTODY GRIEVANCE FORM**
*(Formulario de Queja del Individuo bajo Custodi)*

| CONTROL # | |
|---|---|
| Individual In Custody SHORT # | |

| I THIS SECTION IS TO BE COMPLETED BY IIC SERVICES STAFF | (! Para ser llenado solo por el personal de IIC Services !) |
|---|---|

☑ Emergency Grievance
☐ Grievance
☐ Non-Compliant Grievance

☐ Cermak Health Services
☐ Superintendent: _____
☐ Other: _Records office_

| PRINT - INDIVIDUAL IN CUSTODY LAST NAME *(Imprimir - Apellido del individuo)*: | PRINT - FIRST NAME *(Imprimir – Primer nombre del individuo)*: | BOOKING NUMBER *(# de identificación)* |
|---|---|---|
| Johnson | Edward | 20140716104 |
| **DIVISION** *(Division)*: | **LIVING UNIT** *(Unidad)*: | **DATE** *(Fecha)*: |
| RTU | 3F | 9-20-24 |

## GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

**Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.**
The grieved issue is not one of the following non-grievable matters: Classification including designation of an individual as a security risk or protective custody individual, or decisions of the disciplinary hearings officer.
The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker).
The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.
The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.
The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days
The grieved issue must not contain offensive or harassing language.
The grievance form must not contain more than one issue.
The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

## Directrices de quejas y resumen de quejas

El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.
El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los individuo.
El asunto de la queja debe haber ocurrido dentro de los 15 días calendarios a menos que la acusación sea de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si la queja incluye acusaciones de asalto sexual, acoso sexual, abuso sexual o voyerismo no existe tiempo de límite. Si usted cree que existe una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).
El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.
El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.
El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.
El asunto de la queja no puede contener lenguaje ofensivo o amenazante
La solitud de la queja no puede contener más de un asunto.
El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.

| REQUIRED - DATE OF INCIDENT *(Fecha del incidente)* | REQUIRED - TIME OF INCIDENT *(Hora del incidente)* | REQUIRED - SPECIFIC LOCATION OF INCIDENT *(Lugar Específico del Incidente)* | REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 7-16-+ 9-26-24 | AM | Cook county Jail | Records office |

On 7-16-24 Records office Allow an unverified non
Court processed fugitive warrant To be lodge to Edward
Edward Johnson, alleging events from 2010 this submission
is base on a fraudulent document provided by Mona Nelson
cook county extraction officer Tennessee has not shown nor
has IDOC conducted a parole hearing concerning this warrant
Time frame has expired for my agency to Act but
Johnson remains detained.

| NAME OF STAFF or INDIVIDUAL IN CUSTODY HAVING INFORMATION REGARDING THIS COMPLAINT: *(Nombre del personal o individuo que tengan información;)* | SIGNATURE of Individual in Custody *(Individuo bajo custodia)*: |
|---|---|
| Edward Johnson | Edward Johnson |

| SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE IIC GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION. | |
|---|---|
| **CRW or CORRECTIONAL SUPERVISOR NAME (Print):** | **SIGNATURE:** | **DATE RECIEVED by STAFF:** 10/11/24 |
| **CRW NOTATION OF SENT EMAIL (Print):** | | **DATE EMAIL NOTIFICATION SENT:** |

| (FCN-56) (DEC 23) | **(WHITE COPY** – IIC SERVICES DEPT.) | **(YELLOW COPY** – CRW) | **(PINK COPY** – INDIVIDUAL IN CUSTODY) |
|---|---|---|---|

## COOK COUNTY SHERIFF'S OFFICE

*(Oficina del Alguacil del Condado de Cook)*

### INDIVIDUAL IN CUSTODY GRIEVANCE FORM
*(Formulario de Queja del Individuo bajo Custodi)*

| CONTROL # | Individual Incody SHORT # |
|---|---|

**! THIS SECTION IS TO BE COMPLETED BY IIC SERVICES STAFF** — *(¡ Para ser llenado solo por el personal de IIC Servic !)*

☐ Emergency Grievance
☐ Grievance
☐ Non-Compliant Grievance

☐ Cermak Health Services
☐ Superintendent: _____
☐ Other: _____

**PRINT - INDIVIDUAL IN CUSTODY LAST NAME** *(Imprimir - Apellido del individuo)*: Johnson

**PRINT - FIRST NAME** *(Imprimir – Primer nombre del individuo)*: Edward

**BOOKING NUMBER** *(#de identificación)*: 20340716104

**DIVISION** *(Division)*: RTU8

**LIVING UNIT** *(Unidad)*: 4A-6

**DATE** *(Fecha)*: 11-18-2024

### GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

**Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.**

The grieved issue is not one of the following non-grievable matters: Classification including designation of an individual as a security risk or protective custody individual, or decisions of the disciplinary hearings officer.

The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker).

The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.

The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.

The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days.

The grieved issue must not contain offensive or harassing language.

The grievance form must not contain more than one issue.

The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

### Directrices de quejas y resumen de quejas

**El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.**

El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los individuo.

El asunto de la queja debe haber ocurrido dentro de los 15 días calendarios a menos que la acusación sea de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si la queja incluye acusaciones de asalto sexual, acoso sexual, abuso sexual o voyerismo no existe tiempo de límite. Si usted cree que existe una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).

El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.

El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.

El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.

El asunto de la queja no puede contener lenguaje ofensivo o amenazante

La solitud de la queja no puede contener más de un asunto.

El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.

| **REQUIRED - DATE OF INCIDENT** *(Fecha del Incidente)* | **REQUIRED - TIME OF INCIDENT** *(Hora del incidente)* | **REQUIRED - SPECIFIC LOCATION OF INCIDENT** *(Lugar Específico del Incidente)* | **REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED** *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 10-11-24 | AM | RTU 8 | ← Records office |

I need a copy of fugitive warrant and Governors extradition warrant from Tennessee 725 ILCS 5/110-105 copy of process: any sheriff or person having custody of any person on any process of any court who neglects to give such person a copy within 6 hours after demand made by the prisoner shall forfeit to presoner affected $500.00

12 x 500.00 = 6000

This is the twelth time requested (Please Pay)

**NAME OF STAFF OR INDIVIDUAL IN CUSTODY HAVING INFORMATION REGARDING THIS COMPLAINT:** *(Nombre del personal o individuo que tengan información:)* CRW Hatcher/sgt Norwood

**SIGNATURE of Individual in Custody:** *(Individuo bajo custodia)*: Edward Johnson

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE IIC GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

**CRW or CORRECTIONAL SUPERVISOR NAME (Print):** Davis

**SIGNATURE:**

**DATE RECIEVED by STAFF:** 11-19-24

**CRW NOTATION OF SENT EMAIL (Print):**

**DATE EMAIL NOTIFICATION SENT:**

(FCN-56) (DEC 23) **(WHITE COPY** – IIC SERVICES DEPT.) **(YELLOW COPY** – CRW) **(PINK COPY** – INDIVIDUAL IN CUSTODY)



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

## INDIVIDUAL IN CUSTODY "NON-COMPLIANT" GRIEVANCE RESPONSE FORM
*(Formulario de respuesta de quejas "No Conforme" de individuos bajo custodia)*



### INDIVIDUAL IN CUSTODY INFORMATION

| PRINT - INDIVIDUAL IN CUSTODY LAST NAME : | PRINT - FIRST NAME : | NON-COMPLIANT CONTROL NUMBER |
|---|---|---|
| Johnson | Edward | NC 2024 X 0332 1 |

| DIVISION : | LIVING UNIT : | BOOKING # : | SHORT # : |
|---|---|---|---|
| 8RTU | 410 | 2024-0716104 | 0160609 |

| GRIEVANCE FORM DATE : | NON-COMPLIANT GRIEVANCE CODE : *(see below)* | DETERMINED BY C.R.W. : *(crw last name)* |
|---|---|---|
| 9/26/24 | 410 | Hatcher |

### REASON(S) FOR GRIEVANCE NON-COMPLIANCE AND/OR ACTION REQUIRED
*(RAZÓN PORQUE LA QUEJA NO ES CONFORME Y/O ACCIÓN REQUERIDA)*

Your grieved issue is not being processed due to the checked area(s) below. This grieved issue will not be assigned a control #, cannot be appealed and remedies cannot be exhausted. *El asunto de la queja no se procesó por las siguientes razones que están marcadas abajo. El asunto de la queja no se le asignará un numero de control, no puede ser apelado y no podrá agotar los remedios posibles.*

☐ **400 - The grieved issue is one of the following non-grievable matters: Individual in custody's classification, designation of a security risk, protective custody status, or decisions of the Disciplinary Hearing Officer.** *El asunto de la queja es uno de los siguientes asuntos que no se consideran quejas formales: clasificación del individuo bajo custodia, designado como riesgo de seguridad, estado de custodia de protección o decisiones del oficial de audiencia disciplinarias.*

☑ **410 - The grieved issue did not occur within the last 15 calendar days nor is it an allegation is of sexual assault, sexual harassment, sexual abuse, or voyeurism. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker.)** *El asunto de la queja no ocurrió dentro de los últimos 15 días calendario y no se trata de una acusación de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si cree que se aplica una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).*

☐ **420 - The grieved issue is a repeat submission of a grievance collected within the last 15 calendar days.** *El asunto de la queja no debe ser una repetición de una queja que fue sometido dentro los 15 días calendarios.*

☐ **430 - The grieved issue is a repeat submission of a grievance that previously received a response and was appealed.** *El asunto de la queja es una repetición de una queja que previamente recibió una respuesta y fue apelada.*

☐ **440 - The grieved issue is repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days.** *El asunto de la queja es una repetición de una queja que previamente recibió una respuesta y usted decidió no apelar la respuesta dentro de los 15 días calendario.*

☐ **450 - Offensive or harassing language was used.** *El asunto de la queja contiene lenguaje ofensivo o amenazante.*

☐ **460 - The grievance form contains more than one issue.** *El formulario de queja contiene más de un asunto.*

☐ **470 - The grievance issue pertains to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.** *El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.*

☐ **480 - Other reason not listed.** *Otra razón.*

This grieved issue is non compliant due to the above code

| NAME OF STAFF MEMBER RESPONDING : *(Nombre del personal que responde)* | SIGNATURE : *(Firma del personal)* | DATE : *(Fecha)* |
|---|---|---|
| Hatcher | | 10/11/24 |

### INDIVIDUAL IN CUSTODY SIGNATURE

| INDIVIDUAL IN CUSTODY'S *SIGNATURE* OF RECEIPT : *(Firma del individuo en que la respuesta fue recibida)* | DATE RESPONSE RECEIVED : *(Fecha cuando recibió la respuest)* |
|---|---|
| Edward John | 10-31-24 |

(FCN-60) (MAR 22)     **(WHITE COPY** – IIC SERVICES)     **(YELLOW COPY** – CRW)     **(PINK COPY** – INDIVIDUAL IN CUSTODY)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I.** **Plaintiff(s):**

A. Name: EDWARD Johnson

B. List all aliases: _____

C. Prisoner identification number: 2024071610Y

D. Place of present confinement: Cook County Dept of corrections

E. Address: 2700 S. California Ave 60008

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.** **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Marca Nelson

Title: Extradition officer

Place of Employment: City of Chicago / cook county

B. Defendant: Thomas Dar

Title: Sheriff

Place of Employment: Sheriff Department

C. Defendant: Alonso Michael #10003

Title: Chicago Police officer

Place of Employment: Chicago Police Department

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

36

2024 0716104

Cook county Department of Corrections

2700 S, California Ave

Chicago, IL 60608

RECEIVED

JAN 07 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Prisoner Correspondence

United States District Court

219 S, Dearborn St 20th Floor

Chicago IL 60604

Legal mail

FIRST-CLASS MAIL
IMI
$003.71
12/31/2024 ZIP 60608
043M31244814
US POSTAGE



01/07/2025-33

rec
#3.71

Ceplmil