**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-163 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's complaint (Dckt. No. 1) is dismissed without prejudice. Plaintiff has until May 8, 2026, to submit an amended complaint in accordance with this order. Failure to do so by that date will result in dismissal of this lawsuit. Plaintiff is advised that he has a continuing obligation to keep the Court apprised of his current address, and failure to do so will result in dismissal of this lawsuit for failure to comply with a court order and for want of prosecution. The Clerk is instructed to send Plaintiff a blank amended complaint form, along with a copy of this order.

## STATEMENT

Plaintiff Edward Johnson, currently an inmate at Northwest Correctional Complex in Tiptonville, Tennessee, initiated this *pro se* civil rights action under 42 U.S.C. § 1983, in connection with his July 2024 arrest by Chicago police officers.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss a complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts must "accept all well-pleaded facts as true

and draw reasonable inferences in the plaintiff's favor." *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

The complaint fails to comply with the Federal Rules of Civil Procedure.

The complaint does not follow Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of surplus in a complaint may not frustrate the goals of Rule 8, unnecessary length coupled with repetitiveness, needless complexity and immaterial allegations are grounds for dismissal. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).

The complaint isn't short or plain. The pleading spans 46 pages (including exhibits), and hundreds of paragraphs.

Sometimes a long read is a good read. *Moby Dick* is a good example. But that's not the situation at hand. The complaint sets forth a meandering narrative about the events leading up to and surrounding Plaintiff's July 2024 arrest and beyond. It's hard to follow.

The handwriting is hard to read, too. Not every party has access to a computer, so the Clerks' Office does accept handwritten filings. But if this Court can't read the handwriting, it's hard to move forward.

Putting those things together, the complaint is long, the story is hard to follow, and the handwriting is hard to read. *See, e.g.*, Cplt., at 25 (Dckt. No. 1).

Overall, the lengthy pleading – which is leveled against no less than two dozen Defendants – is unwieldy. This Court can't make sense of it. The Court need not parse this morass to identify a claim for Plaintiff. *See, e.g.*, *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."). A district court judge does not have to shoulder the responsibility of making a case for a plaintiff.

Accordingly, Plaintiff's complaint is dismissed without prejudice. If Plaintiff wishes to proceed further with this lawsuit, he must submit an amended pleading in accordance with this order. The complaint needs to tell a story that holds together, and the handwriting must be legible.

If Plaintiff chooses to submit an amended complaint, he should keep a few things in mind.

First, a plaintiff cannot bring unrelated claims against unrelated defendants in a single action accompanied by a single filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, a single case cannot be about more than one thing (unless they are related).

Here, Plaintiff's allegations seem to involve his 2024 arrest, and beyond. Candidly, this Court is unsure what to make of the pleading, but it appears that it might contain more than one

core set of facts. If the complaint is about different, unrelated events, then Plaintiff must bring separate lawsuits and pay more than one filing fee.

Second, a plaintiff cannot bring a case under section 1983 against a defendant for actions or omissions by another person. Claims invoking § 1983 are based upon personal liability and predicated on fault of the defendant. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

There is no exceptions for supervisors. A supervisor is not automatically liable for the actions of subordinate employees, simply because of that person's status as the supervisor. Instead, a supervisor can have liability only if that supervisor engaged in actionable misconduct in his or her own right.

Plaintiff should focus on naming *only* the individual(s) allegedly responsible for violating his constitutional rights.

Finally, any amended complaint must be signed and submitted on the Court's required form.[1] *See* Fed. R. Civ. P. 11(a); Local Rule 81.1. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the prior version of the complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint without reference to the prior version of the complaint. Plaintiff is advised to keep a copy of any amended pleading for his files.

Failure to submit an amended complaint by the date set forth above will result in dismissal of this matter.

Date: April 8, 2026

_____
Steven C. Seeger
United States District Judge

---

[1] When submitting any further amended complaint, Plaintiff should try to confine himself to the standard-form complaint.

3